IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RONALD HARDING, | § | |
| Petitioner, | § | |
| v. | § | 2:17-CV-0072 |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Tulia Unit in Swisher County, Texas pursuant to two May 2, 2016 possession of narcotics convictions out of Tarrant County, Texas, and the resultant 10-year sentences. By his federal habeas application, petitioner challenges a January 2017 prison disciplinary proceeding conducted at the Tulia Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, (1) be eligible for mandatory supervised release, <u>and</u> (2) have received a punishment sanction which included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

In his habeas application, petitioner concedes he is not eligible for release on mandatory supervision. *See* Question No. 16. A review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner is <u>not</u>, in fact, eligible for mandatory supervised release. As petitioner is not eligible for mandatory supervised

HAB54\DISCIP\R&R\Harding-72.INEL-NOLOSS:1

release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

Further, in his habeas application, petitioner acknowledges he did not lose previously earned good-time days as a result of the disciplinary proceeding herein challenged.[1] *See* Question 18. Because petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits petitioner is not entitled to federal habeas corpus relief. Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RONALD HARDING be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of April 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[1] Other punishment with which petitioner was assessed merely constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

# *  NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).